SHEPHERD, Circuit Judge,
concurring.
I join the court’s opinion except with respect to part II. I also concur with the court’s conclusion that the admission of Mr. Causevie’s prior conviction violated his right to confront the witnesses against him. I disagree, however, with the method of analysis used by the court in determining that the record of Mr. Causevic’s prior conviction is a testimonial document subject to the Confrontation Clause. I believe the record of conviction is testimonial not because of the reason it was introduced at trial, but because it contained statements that were made specifically to be used against Mr. Causevic in a prior trial.
The Supreme Court’s decision in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) announced a “new rule” for the analysis of Confrontation Clause challenges. Whorton v. Bockting, 549 U.S. 406, 416-17, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007); see also Bobadilla v. Carlson, 575 F.3d 785, 788 (8th Cir.2009) (noting that Crawford “set forth a materially different analysis for Confrontation Clause claims”). After Crawford, the threshold question in any Confrontation Clause challenge is whether the challenged statement is testimonial. See United States v. Wright, 536 F.3d 819, 823 (8th Cir.2008). If the statement is testimonial, we must then determine whether it was offered at trial for its truth because the Confrontation Clause only applies to statements that are both testimonial and hearsay — that is, statements offered to prove the truth of the matter asserted. See United States v. Holmes, 620 F.3d 836, 841 (8th Cir.2010). This distinction is particularly relevant in this case because, contrary to the court’s holding, the reason that a document is introduced at trial affects only whether the document is hearsay, not whether it is testimonial. To the extent that Kirby v. United States, 174 U.S. 47, 19 S.Ct. 574, 43 L.Ed. 890 (1899), holds otherwise, I do not believe that portion of its holding survived Crawford.
Although Crawford did not provide a comprehensive definition of the term “testimonial,” subsequent Supreme Court decisions have clarified that whether a statement is testimonial depends on the primary purpose for which the statement was given or procured. In Davis v. Washington, the Court held that statements are not testimonial if they are made in response to “police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency.” 547 U.S. 813, 822, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). Conversely, similar statements would be testimonial if “the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.” Id. In Melendez-Diaz v. Massachusetts, affidavits from forensic analysts were held to be testimonial not only because they were made “under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial,” but also because “the sole purpose of the affidavits was to provide prima facie evidence” at *1008 trial. — U.S. —, 129 S.Ct. 2527, 2532, 174 L.Ed.2d 314 (2009) (internal quotations and citations omitted). The Court also noted that “public records are generally admissible absent confrontation ... because — having been created for the administration of an entity’s affairs and not for the purpose of establishing or proving some fact at trial — they are not testimonial.” Id. at 2539^10. Finally, after oral argument in this case, the Supreme Court decided Michigan v. Bryant, in which the Court affirmed that a statement is not testimonial if the statement was “not procured with a primary purpose of creating an out-of-court substitute for trial testimony.” — U.S. —, 131 S.Ct. 1143, 1155, 179 L.Ed.2d 93 (2011).[1]
The court correctly notes that Kirby was cited favorably in Crawford, Davis, and Melendez-Diaz. But a closer reading of those cases indicates that none support the analysis utilized by the court here. In each case, the Court’s citations to Kirby indicate only that the materials at issue in Kirby were likely testimonial — but not because of the way they were used at trial.[2] See Melendez-Diaz, 129 S.Ct. at 2534; Davis, 547 U.S. at 825, 126 S.Ct. 2266; Crawford, 541 U.S. at 59 n. 9, 124 S.Ct. 1354.[3] In other words, the Court’s citations affirm the validity of the outcome reached in Kirby, not Kirby’s method of analysis for reaching that outcome. This distinction is particularly significant in light of Crawford’s statement that while “the results of [the Court’s] decisions have generally been faithful to the original meaning of the Confrontation Clause, the same cannot be said of [its] rationales.” 541 U.S. at 60, 124 S.Ct. 1354. Thus, this court should not embrace Kirby’s method of analysis when it conflicts with Crawford’s “new rule” simply because the Supreme Court has continued citing to Kirby. Rather, to determine whether the statements contained in Mr. Causevic’s record of conviction are testimonial, we must look to the primary purpose for which those statements were made or procured.
I believe that Mr. Causevic’s record of conviction, as it was admitted at trial, contained two types of statements — one of which is testimonial. First, the document contained various details of Mr. Causevic’s prior trial such as the date of the trial and the law he was convicted of violating. These statements are not testimonial because they are public records, created for administrative purposes rather than for *1009 use at a subsequent trial. See Melendez-Diaz, 129 S.Ct. at 2539-40; United States v. Torres-Villalobos, 487 F.3d 607, 613 (8th Cir.2007); United States v. Weiland, 420 F.3d 1062, 1076-77 (9th Cir.2005); see also United States v. Mendez, 514 F.3d 1035, 1044-45 (10th Cir.2008) (collecting cases). Second, the document also contained a factual narrative of the murder for which Mr. Causevic was convicted. The factual narrative was merely a summary of the evidence submitted against Mr. Causevic during his previous trial. Summary evidence is testimonial if the evidence underlying the summary is testimonial. See United States v. Naranjo, 634 F.3d 1198, 1214 (11th Cir.2011); United States v. Jamieson, 427 F.3d 394, 411 (6th Cir.2005). Because the evidence underlying the factual narrative was undoubtedly testimonial, Crawford, 541 U.S. at 68, 124 S.Ct. 1354, the factual narrative was also testimonial.
The Government offered the prior conviction as proof that Mr. Causevic actually committed the charged offense rather than merely as proof of his conviction. Thus, the factual narrative was also hearsay because it was offered for its truth. As a result, these statements fall within the scope of the Confrontation Clause and could not be admitted against Mr. Causevic absent a showing that the declarants were unavailable and that Mr. Causevic had a prior opportunity to cross-examine the declarants. Crawford, 541 U.S. at 54, 124 S.Ct. 1354. I agree with the court that the Government failed to show either requirement was met here, and therefore the admission of the document violated Mr. Causevic’s rights under the Confrontation Clause. I therefore concur in the result reached by the court.

. Our court has accordingly focused on the purpose a statement was made to determine whether it is testimonial and within the scope of the Confrontation Clause. See, e.g., United States v. Dale, 614 F.3d 942, 955-56 (8th Cir.2010); United States v. Honken, 541 F.3d 1146, 1160 (8th Cir.2008). Our sister circuits have similarly looked to the purpose a statement was made or procured in determining whether it is testimonial. See, e.g., United States v. Naranjo, 634 F.3d 1198, 1213 (11th Cir.2011); United States v. Adams, 628 F.3d 407, 416 (7th Cir.2010); United States v. Pablo, 625 F.3d 1285, 1291 (10th Cir.2010); Miller v. Stovall, 608 F.3d 913, 924 (6th Cir.2010); United States v. Ayala, 601 F.3d 256, 275 (4th Cir.2010).

. Concluding that the materials at issue in Kirby were testimonial does not resolve this case. There, the Government submitted numerous documents from the prosecution of three other men including a copy of the grand jury indictment, the pleas of guilty given by two of the defendants, and even a transcript from the trial of the remaining defendant. Exh. A-L for Plaintiff, United States v. Kirby, No. 557 (D.S.D.1897) (on file with The National Archives, Kansas City, Missouri). Here, the only document challenged by Mr. Causevic on Confrontation Clause grounds is the record of his previous conviction.

. Melendez-Diaz and Crawford also cite Kirby as support for the proposition that if a statement is testimonial, it can only be admitted if the defendant had a prior opportunity to cross-examine the defendant. See Melendez-Diaz, 129 S.Ct. at 2534; Crawford, 541 U.S. at 57, 124 S.Ct. 1354.